UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMIE L. KEAHBONE, | Case No. 23-CV-0750 (WMW/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN MICHAEL SEGAL, | |
| Respondent. | |

Over the past several weeks, the District of Minnesota has received at least fifteen petitions for a writ of habeas corpus from prisoners detained at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"), raising an identical claim for relief.[1] The First Step Act of 2018 ("FSA") offers 10 or 15 days of time credits per month to prisoners who participate in evidence-based recidivism reduction programming, and those time credits can then be used to accelerate the prisoner's release date. *See* 18 U.S.C. § 3632(d)(4)(A). Ms. Keahbone and the other petitioners at FCI-Waseca have been taking several evidence-based recidivism reduction programs simultaneously and believe that they are entitled to 10 or 15 days of time credits *per class*, not 10 or 15 days of time credits *per month spent in programming*. (*See* Pet. Ex. at 1, Dkt. No. 1.) Ms. Keahbone's habeas

---

[1] *See, e.g.*, *White v. Federal Bureau of Prisons*, No. 23-CV-0725 (JRT/LIB); *Rice v. Segal*, No. 23-CV-0751 (ECT/DJF); *White v. Segal*, No. 23-CV-0760 (PAM/DJF); *Milch v. Segal*, No. 23-CV-0838 (NEB/LIB); *Friday v. Segal*, No. 23-CV-0882 (PAM/ECW); *Garcia v. Segal*, No. 23-CV-0883 (JRT/LIB); *Robinson v. Segal*, No. 23-CV-0888 (WMW/DTS); *Barnes v. Segal*, No. 23-CV-0939 (JRT/DLM); *Russell v. Segal*, No. 23-CV-1075 (JWB/ECW); *Pospech v. Segal*, No. 23-CV-1122 (PJS/DLM).

1

petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

This Court has previously recommended the denial of a habeas petition on the basis that the interpretation of the FSA advanced in the habeas petitions arising out of FCI-Waseca is wrong. *See Sisson v. Segal*, No. 23-CV-0548 (NEB/JFD), R. & R. at 3–4 (D. Minn. Apr. 14, 2023), Dkt. No. 5. Title 18 U.S.C. § 3632(d)(4)(A) does not require that the Bureau of Prisons ("BOP") award credits for each *program* completed. Instead, prisoners "shall earn 10 [or 15[3]] days of time credits for every 30 days of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). A prisoner who participates in one program or fifty-one programs simultaneously is equally "participati[ng] in evidence-based recidivism reduction programming," *id.*, and is equally eligible to receive the same amount of time credits—no more and no less. "Congress made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate." *Dale v. Hawkins*, No. H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023); *accord Bray v. Yates*, No. 2:22-CV-142-JTR, 2023 WL 2894918, at *6 (E.D. Ark. Apr. 11, 2023) (citing *Burruss v. Hawkins*, No. H-22-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023)).

---

[2] Although Ms. Keahbone's habeas petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 cases may nevertheless be applied to her petition. *See* Rule 1(b).

[3] *See* 18 U.S.C. § 3632(d)(4)(A)(ii).

This Court does not believe the text of § 3632(d)(4)(A) to be ambiguous in this regard, and the text of § 3632(d)(4)(A) therefore ends the analysis. But even if the statutory language *were* ambiguous, Ms. Keahbone would not be entitled to habeas relief unless the BOP's regulatory interpretation of § 3632(d)(4)(A) were an unreasonable one. "The agency's view 'governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed *most* reasonable by the courts.'" *Ameren Corp. v. FCC*, 865 F.3d 1009, 1012 (8th Cir. 2017) (quoting *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009)). The BOP's interpretation of § 3632(d)(4)(A) is consistent with this Court's view—under BOP regulations, prisoners are awarded credits based on days spent in programming, not based on number of programs attended. *See* 28 C.F.R. § 523.42(c)(1) ("For every thirty-day period that an eligible inmate successfully participates in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, the inmate will earn ten days of FSA Time Credits."). Whether or not required by the text of § 3632(d)(4)(A), "the BOP's interpretation of the FSA credit-accrual formula is clearly reasonable." *Bray*, 2023 WL 2894918, at *6.

Accordingly, this Court concludes that Ms. Keahbone is not entitled to habeas corpus relief and recommends that her Petition be denied.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Jamie L. Keahbone's petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED**; and

2. This matter be **DISMISSED**.

Dated: May 5, 2023                    ___s/ *John F. Docherty*_____
                                      JOHN F. DOCHERTY
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).