UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jamie L. Keahbone,                                  Case No. 23-cv-0750 (WMW/JFD)

               Petitioner,

v.                                                  **ORDER ADOPTING REPORT AND RECOMMENDATION**

Warden Michael Segal,

               Respondent.

---

This matter is before the Court on the May 5, 2023 Report and Recommendation ("R&R") of United States Magistrate Judge John F. Docherty. (Dkt. 6.) The R&R recommends denying Petitioner Jamie L. Keahbone's habeas petition. Keahbone filed timely objections to the R&R. (Dkt. 7.) For the reasons addressed below, the Court overrules Keahbone's objections, adopts the R&R and denies the petition.

## BACKGROUND

The First Step Act of 2018 ("FSA") directs the Department of Justice to create and offer "evidence-based recidivism reduction programs" to prisoners under the care of the Federal Bureau of Prisons ("BOP"). 18 U.S.C. § 3632(d). Prisoners are encouraged to participate in this programming through various incentives. One of those incentives is the opportunity for participating prisoners to earn time off their sentences. Specifically, the FSA provides that a prisoner who successfully completes evidence-based recidivism reduction programming or productive activities shall earn time credits as follows:

    (i)    A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based

     recidivism reduction programming or productive activities.
(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

  Keahbone contends this provision of the FSA entitles her to a reduction in the length of her sentence for each program completed. In Keahbone's view of the FSA, a prisoner enrolled in 10 evidence-based recidivism reduction programs simultaneously would earn 10 or 15 days of time credits each month for each program, or up to 150 credits in total. The BOP, through its regulations, interprets the FSA as requiring credits to be awarded based on days spent in each program, not based on the number of programs attended. *See* 28 C.F.R. § 523.42(c)(1). In her petition for a writ of habeas corpus, Keahbone asks the Court to apply her interpretation of the FSA and direct the BOP to award substantially more time credits than the BOP has awarded to her.

## ANALYSIS

  The Court reviews *de novo* the portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must specifically address the portions of the magistrate judge's report and recommendation to which objections are made and offer a basis for the objections.

*Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 704 (D. Minn. 2015), *aff'd*, 652 F. App'x 479 (8th Cir. 2016).

The Court reviews objections that restate arguments that were made to and considered by the magistrate judge for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. Mar. 30, 2015). In doing so, the Court does not consider new evidence that was not submitted to the magistrate judge for consideration. *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). Absent specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Keahbone is self-represented, the Court liberally interprets her objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

Even when liberally construing Keahbone's objections, the Court concludes that Keahbone's objections merely repeat the arguments in her habeas petition. Therefore, the Court reviews her objections for clear error. *Montgomery*, 98 F.Supp.3d at 1017. Keahbone's habeas petition alleges that the BOP has incorrectly calculated the First Step Act time credits that she has earned. However, as the R&R correctly observes, every court that has considered the argument that Keahbone raises in her petition has agreed with the BOP and concluded that inmates earn FSA time credits based on the number of days spent in eligible programming in a 30-day period, not the number of eligible programs attended in a 30-day period, as Keahbone contends. *See* 18 U.S.C. § 3632(d)(4)(A)(i); 28 C.F.R. § 523.42(c)(1). The R&R correctly applied the rationale of these courts. *See Dale v. Hawkins*, No. H-22-CV-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023); *accord*

3

*Bray v. Yates*, No. 2:22-CV-142, 2023 WL 2894918, at *6 (E.D. Ark. Apr. 11, 2023) (citing *Burruss v. Hawkins*, No. H-22-CV-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023)).

The new claims and arguments Keahbone presents in her objections, many of which are conditions of confinement claims that are not properly included in a habeas petition, have been waived because they were not raised in her petition. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (concluding that "[t]he district court properly refused to consider [petitioner's] argument . . . because th[e] argument was not presented first to the magistrate judge").

This Court, therefore, concludes that Keahbone is not entitled to habeas corpus relief and denies her habeas petition.

Based on the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Jamie L. Keahbone's objections to the May 5, 2023 Report and Recommendation, (Dkt. 7), are **OVERRULED**;

2. The May 5, 2023 Report and Recommendation, (Dkt. 6), is **ADOPTED**;

3. Petitioner Jamie L. Keahbone's petition for a writ of habeas corpus, (Dkt. 1), is **DENIED**; and

4. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 26, 2023                     s/ Wilhelmina M. Wright
                                            Wilhelmina M. Wright
                                            United States District Judge